# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3966

_____

STEVEN R. JOHNSON, Former
Husband,

     Appellant,

     v.

DENISE P. JOHNSON, Former
Wife,

     Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Linda L. Nobles, Judge.

October 30, 2019

B.L. THOMAS, J.

In this family law case, Appellant (Former Husband) appeals the trial court's "Qualified Domestic Relations Order" allowing Appellee (Former Wife) to receive accrued earnings from Appellant's retirement plans when the final judgment did not address Appellee receiving such earnings.

In a "Final Judgment of Dissolution of Marriage" entered on February 18, 1998, *nunc pro tunc* to January 7, 1997, Appellee was awarded one-half of Appellant's deferred compensation plan and one-half of Appellant's deferred compensation/social security

replacement plan. The approximate total value of one-half of each of the plans was $72,906.00.

On December 14, 2017, approximately twenty years after entry of the underlying final judgment, Appellee filed a "Motion for Clarification and Motion for Entry of Qualified Domestic Relations Order." The trial court's ruling on the order denied the motion for clarification and granted Appellee the specific sums of money set forth in the final judgment, plus accrued earnings on those sums. Appellant appeals the trial court's order granting Appellee the accrual of the sums entered in the final judgment.

To determine whether a former spouse is entitled to gains or losses of a retirement plan, the court must decide who has the ownership interest in the asset. *See Graham v. Graham*, 123 So. 3d 625, 628 (Fla. 1st DCA 2013); *Rivero v. Rivero*, 963 So. 2d 934, 936 (Fla. 3d DCA 2007). When a former spouse is designated an owner of an asset, they are entitled to any increases (or decreases) in the asset from the date of the final judgment. *McHugh v. McHugh*, 702 So. 2d 639, 643 (Fla. 4th DCA 1997).

"Half ownership of any asset, real or tangible personal property, say – for example, a house – plainly means something other than entitlement to a fixed sum of money." *Graham*, 123 So. 3d at 628. However, when a final judgment contains a sum certain or references the dollar value of a retirement plan, a monetary interest in the plan is created and the spouse with that interest is not considered an owner of the asset. *See Rivero*, 963 So. 2d at 935-36. Without ownership, a spouse cannot collect appreciation as to a plan's value. *Id.*

In the present case, the final judgment clearly stated, "[a]t the Husband's retirement, the Wife is entitled to receive one-half (1/2) of each plan's value as of the date of filing the Petition for Dissolution of Marriage. One-half of the value of both plans is $72,906.00, approximately."

The language of the final judgment references a specific sum certain payable to Appellee. This gives Appellee a monetary interest in the retirement plans, and not ownership of the plans. Thus, Appellee was not entitled to receive any appreciation in the

2

value of the plans as awarded by the trial court. Additionally, there was no reservation of the issue in the final judgment.

By adding the accrued earnings of Appellant's retirement plans to the specified sum designated to Appellee in the final judgment, the trial court amended the final judgment. This can only be done fifteen days after the judgment is entered. Fla. R. Civ. P. 1.530(d). Since this amendment did not occur until nearly twenty years after the entry of the final judgment it was untimely and improper.

The trial court erred in awarding Appellee accrued earnings on the sum of money she was granted in the original final judgment. Due to this error, the trial court's "Qualified Domestic Relations Order" is reversed and remanded for the trial court to award Appellee only the amount stated in the final judgment.

REVERSED and REMANDED.

KELSEY and WINOKUR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Ross A. Keene of Ross Keene Law, P.A., Pensacola, for Appellant.

R. Gregory Colvin of R. Gregory Colvin, LLC, Orlando, for Appellee.

3